IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**JESSICA BOYER and PATRICK BOYER**

    **Plaintiffs,**

**v.**                                        **Civil Action No.   2:18-cv-01413**

                                                           **Judge**

**UNITED STATES OF AMERICA**
**CHARLESTON AREA MEDICAL**
**CENTER, INC.**

    **Defendants.**

## COMPLAINT

Plaintiffs Jessica Boyer and Patrick Boyer bring this action to obtain relief for the negligence of the defendants herein which resulted in permanent injury and pain and suffering of Jessica Boyer pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671 et seq., and the laws of the state of West Virginia.

## PARTIES

1. Plaintiffs Jessica Boyer and Patrick Boyer are and were at all times relevant husband and wife residing in Charleston, West Virginia.
2. Defendant United States of America (for the actions of Devin Ciliberti) is a federal governmental entity amenable to suit in this action pursuant to the Federal Tort Claims Act (FTCA) 28 U.S.C 1346(b) and 2671-2680.
3. Defendant Charleston Area Medical Center, Inc. is a corporation providing health care services, in Charleston West Virginia, by and through its agents, servants and employees, specifically caring for the plaintiff Jessica Boyer at all times relevant.
4. Upon information and belief, at all times relevant, Devin Ciliberti, M.D. was an agent, servant or employee of the United States of America, acting within the scope of his office or employment.

## JURISDICTION AND VENUE

5. This court has jurisdiction over these claims against the defendant, United States of America, pursuant to 28 U.S.C. 1346(b) and 2671-2680.

6. This court has jurisdiction over these claims against the defendant Charleston Area Medical Center, Inc. pursuant to 28 U.S.C. 1367 inasmuch as the claim is so related as to form part of the same claim or controversy.

7. Venue is appropriate in the SOUTHERN District of West Virginia pursuant to 28 U.S.C. 1391(b) as the place wherein a substantial part of the events or omissions giving rise to the claim occurred.

8. The plaintiffs have exhausted their administrative remedies as required by 28 U.S.C. 2675 by filing a Standard Form 95 on the 11th day of April, 2018. To date no determination has been made on the claim, however more than six months has elapsed since the filing of the same. A copy is attached as Exhibit 1.

9. The plaintiffs have complied with the requirements of the laws of the state of West Virginia as required by West Virginia Code 55-7B-6 in that a notice of claim was served upon Charleston Area Medical Center, Inc. and Devin Ciliberti, M.D. More than 30 days have elapsed since the service of the notice of claim. None of the parties has requested pre-suit mediation.

## ALLEGATIONS

10. On or about July 3, 2017, the plaintiff Jessica Boyer had hydrothermal ablation procedure performed by Devin Ciliberti, M.D. at Charleston Area Medical Center, Inc.. The purpose of this procedure was to treat abnormal uterine bleeding.

11. During this procedure, Ms. Boyer suffered first, second and third degree burns when scalding water leaked from the hydrothermal ablation machine onto her right forearm.

12. The defendants owed a duty to Ms. Boyer to act in such a way as to prevent the leakage of scalding water from the hydrothermal ablation machine which burned her right forearm during her gynecological procedure.

13. The defendants United States of America, and Charleston Area Medical Center, Inc. by and through their agents, servants and employees, failed to exercise the degree of care, skill and learning required or expected of a reasonable, prudent health provider acting in the same or similar circumstances.

14. As a direct and proximate result of the failure of these defendants to meet the standard of care, the plaintiff Jessica Boyer suffered first, second and third degree burns to her right

forearm, requiring multiple debridement procedures and leaving her with permanent scarring.

15. Further, as a result of the negligence of the defendants, Ms. Boyer's procedure had to be aborted and she continues to suffer symptoms associated with abnormal uterine bleeding.
16. As a result of the negligence of the defendants aforesaid, the plaintiff Patrick Boyer has suffered a loss of the consortium of his wife.

WHEREFORE, the plaintiffs pray that they be granted judgment of and from the defendants in an amount to be determined, but in excess of this court's jurisdictional limit and such other and further relief as the court may direct.

                                                JESSICA BOYER and PATRICK BOYER
                                                By Counsel

/s/ Madonna C. Estep, Esquire
Madonna C. Estep, Bar no. 6878
Law Offices of Druckman & Estep
606 Virginia Street, East
Suite 100
Charleston, West Virginia  25301
304-342-0367
304-343-0099 (fax)